PER CURIAM.
This case is before us on remand from the Louisiana Supreme Court. In our earlier unpublished opinion, State v. Jackson, 98-2435 (La.App. 1st Cir.9/28/99), we affirmed the conviction and sentence of Kermit Jackson, defendant, and Gerard Bell, his codefendant, for armed robbery, La. R.S. 14:64. We held that the trial court erred in admitting evidence of an earlier robbery committed by the two defendants to prove identity on the basis that the acts were so distinctive they must have been performed by the same person. Moreover, the majority further held that the erroneous admittance of that evidence was harmless in light of the overwhelming evidence of defendant’s guilt. On May 26, 2000, the supreme court granted Bell’s writ application. State v. Bell, 99-3278 (La.5/26/00), 762 So.2d 625. In the subsequent opinion, State v. Bell, 99-3278 (La.12/8/00), 776 So.2d 418, the supreme court affirmed our ruling that the trial court erred in admitting the evidence of the earlier robbery. However, the court went on to find that it could not “conclude with any confidence that the jury’s guilty verdict was Surely unattributable to the erroneous admission of evidence of a prior armed robbery committed by defendant, especially since the prosecutor exploited the inadmissible evidence in rebuttal closing argument.” Bell, 99-3278 at p. 8, 776 So.2d at 423. Therefore, it reversed Bell’s conviction and sentence and remanded the case to the trial court for a new trial.
On February 9, 2001, the supreme court granted defendant’s application for certio-rari and issued a per curiam, opinion remanding defendant’s case to this court for reconsideration of the matter in the light of its decision in Bell. State v. Jackson, 99-3515 (La.2/9/01), 778 So.2d 1137 (per curiam).
In light of the supreme court’s decision in Bell, the defendant’s conviction and sentence are reversed, for it cannot be concluded that defendant’s conviction was not attributable to the inadmissible evidence. Accordingly, this case is remanded to the district court for a new trial.
CONVICTION AND SENTENCE REVERSED, REMANDED FOR NEW TRIAL.